BLUE, Respondent, v. PENESTON, INTERPLEADER, Appellant.

1. A deed of gift of certain negroes, after reciting that the donor had long since had it in contemplation to give said negroes to his daughter, to be *entailed* upon her and her heirs, proceeded as follows: " Now, therefore, know ye that in consideration of the natural love and affection that I entertain and feel for my daughter Susan M. Kerr, and in consideration of the more surely providing for her and her children a permanent property, I do hereby grant and bestow of my free gratuity, and for and in consideration as above expressed, to my said daughter Susan M. Kerr, and to heirs, separately and exclusively from all claim and interest of her husband, John K. Kerr, my negro woman Ellen and her infant child, and my negro woman Sarah, now and for some time past in the possession of John K. Kerr by permission, and to this end, only the more securely and effectually to obtain that object, I do thereby, for the consideration and to the end aforesaid, convey said negroes, Ellen and her child and Sarah, to Francis P. Peneston, in trust to hold the same for the sole and exclusive use and benefit of my daughter Susan M. Kerr, and to her heirs forever," &c. *Held,* that the legal ownership of such slaves vested by virtue of said deed in Francis P. Peneston; that he held in trust for the exclusive benefit of Mrs. Kerr, to the exclusion of her husband.

## *Appeal from Linn Circuit Court.*

Blue attached certain slaves as the property of John K. Kerr. Francis P. Peneston filed an interplea claiming the said slaves as trustee for Mrs. Kerr, the wife of the defendant in the attachment; and offered in evidence, to support his claim, the following deed, which the court ruled out as inadmissible : " To all to whom it may concern : Take notice that I have long since had it in contemplation to give to my daughter, Susan M. Kerr, my negroes Ellen and Sarah, to be entailed upon her and her heirs, and in contemplation of this, my intention, I did, some three years since, place in the possession of John K. Kerr, her husband, said negroes, with instructions to my son Theodore Peneston to draw up for execution a proper instrument to that effect ; and whereas, it has, up to this time, been neglected, and considering the uncertainty of human life, and still being desirous to carry into effect this my original inten-

tion and desire, now, therefore, know ye that in consideration
of the natural love and affection that I entertain and feel for
my daughter Susan M. Kerr, and in consideration of the more
surely providing for her and her children a permanent property,
I do hereby grant and bestow, of my free gratuity, and for and
in consideration as above expressed, to my said daughter Susan
M. Kerr, and to heirs, separately and exclusively from all claim
and interest of her husband John K. Kerr, my negro woman
Ellen and her infant child, and negro woman Sarah, now and
for some time past in the possession of John K. Kerr, by
permission, and to this end only the more securely and effec-
tually to obtain that object, I do hereby, for the consideration
and to the end aforesaid, convey said negroes Ellen and her
child and Sarah to Francis P. Peneston, in trust to hold the
same for the sole and exclusive use and benefit of my daughter
Susan M. Kerr, and to her heirs forever ; and my said trustee
is hereby authorized and empowered to do and perform all acts
that may be necessary to be done and performed, the more
effectually to carry out this my desire, and the proceeds of said
negroes, from labor or otherwise, to be appropriated in like
manner.   In testimony whereof, I have hereunto set my hand
and seal this 28th day of February, 1843.   R. P. Peneston.
(Seal.)"

*Clark* and *Turner*, for appellant.

*Harris* and *Gardenhire*, for respondent.

I. The deed relied on by Peneston was not filed with his
interplea, and was therefore on this account properly excluded.
(16 Mo. 136.)

II. It was no evidence of title in Peneston.   The first
clause of the deed conveyed an absolute interest to Mrs.
Kerr, (2 Prest. on Estates, 355 ; R. C. 1845, p. 220 ; 21
Mo. 278 ;) the second, no estate at all at law, and no remedy
to enforce the trust.   (1 Prest. on Est. 146).   The first
clause must stand, the last being repugnant thereto must fall.
(2 Greenl. Cruise, 300.)

III. The deed shows that the negroes had been given to the daughter, and were in the possession of the son-in-law three years before its execution. The law raises the presumption of a gift. (3 McCord, 207, 506 ; 4 id. 228 ; 12 Texas, 407 ; 1 Bay, 232 ; 2 Nott & McCord, 93 ; 3 Hen. & Munf. 127 ; 1 Rich. Eq. R. 301 ; 11 Ala. 409 ; 17 id. 330 ; 9 Geo. 539 ; 13 Mo. 36.)

LEONARD, Judge, delivered the opinion of the court.

The question is as to the propriety of the exclusion of the deed from the father, under which Peneston, the son, claims the slaves as trustee for his sister, Mrs. Kerr. We entertain no doubt as to the proper interpretation of the instrument. It vested the *beneficial* ownership in Mrs. Kerr for her own benefit to the exclusion of her husband, and the *legal* ownership in the claimant, Peneston, as trustee for his sister. That was manifestly the intention of the giver ; it is sufficiently expressed, and it is our duty to make the deed effectual for the purposes of the parties, if it can be lawfully done ; and we are not aware of any rule of law that forbids it in the present case. Whether the slaves had been previously given to the daughter, upon her marriage, or to the son-in-law, was not a question before the court at the time the deed was excluded. The instrument *itself* does not so state, nor does it state facts from which it is to be presumed by the court as a matter of law.

The judgment is reversed on account of the exclusion of the deed, and the cause remanded.